GEAUGA TRUCK & IMPLEMENT CO., APPELLEE, *v.* JUSKIEWICZ, APPELLANT.

[Cite as Geauga Truck & Implement Co. *v.* Juskiewicz (1984), 9 Ohio St. 3d 12.]

(No. 83-358—Decided January 4, 1984.)

*McCafferty & Perelman Co., L.P.A., Mr. Robert L. Steely* and *Mr. Martin J. Sweeney,* for appellant.

*Petersen & Ibold Co., L.P.A., Mr. Jerry A. Petersen* and *Mr. Michael G. Ibold,* for appellee.

CLIFFORD F. BROWN, J. The sole issue in this case is whether the claim on an account for repairs made by a seller of a vehicle is a compulsory counterclaim in an earlier breach of warranty action by the buyer against such seller where such repairs were made by the seller upon the buyer's request to correct the alleged defects.

This issue requires application of Civ. R. 13(A) which provides:

"Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the

subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13."

Proper application of Civ. R. 13(A) requires a conclusion that plaintiff's complaint in this case on an account for repairs is a "transaction or occurrence that is the subject matter of the opposing party's claim" in the buyer's earlier breach of warranty action in the Court of Common Pleas of Cuyahoga County and was at that time a "claim which at the time of serving the pleading the pleader has against any opposing party" within the meaning of Civ. R. 13(A). The claim of plaintiff on an account for repairs was therefore a compulsory counterclaim in the earlier breach of warranty action and is barred in this case by the doctrine of *res judicata.* Accordingly, we reverse.

It should be noted that the plaintiff's invoice for repairs charged to the defendant, attached to the complaint in this case, is dated September 23, 1978, thereby indicating completion of the repairs by that date. Juskiewicz's action for breach of warranty in the Court of Common Pleas of Cuyahoga County was commenced only nine days earlier, on September 14, 1978. Therefore, Geauga Truck in the breach of warranty action had a "claim which at the time of serving the pleading the pleader has against any opposing party." Under Civ. R. 12(A)(1) and (B) Geauga Truck had twenty-eight days following the filing and service of the complaint on it for the filing of its answer and counterclaim.[1] That would be twenty-eight days from September 14, 1978, or October 12, 1978. It had written an invoice charging the completed repairs to Juskiewicz before that date on September 23, 1978. Therefore, Geauga Truck had a "claim which at the time of serving" its answer on or after October 12, 1978, such "pleader has against any opposing party."

The two-pronged test for applying Civ. R. 13(A) is: (1) does the claim exist at the time of serving the pleading (in this case at the time plaintiff served its answer to the 1978 warranty actions); and (2) does the claim arise out of the transaction or occurrence that is the subject matter of the opposing claim. Both prongs have been met in this case.

---

[1] Regarding Geauga Truck's duty to timely assert its counterclaim, Civ. R. 12(A)(1) provides:

"Generally. The defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him; * * *

"* * *

"(B) How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, * * * shall be asserted in the responsive pleading thereto if one is required * * *."

A claim upon an account for repairs to correct defects on a vehicle sold is a compulsory counterclaim to a buyer's prior breach of warranty action where the seller's claim for repairs is complete and exists before the time the seller is required under Civ. R. 12(A)(1) and (B) to serve his answer and counterclaim on the buyer as plaintiff in the breach of warranty action. *Broadway Mgmt., Inc.* v. *Godale* (1977), 55 Ohio App. 2d 49 [9 O.O.3d 208]; *Cyclops Corp.* v. *Fischbach & Moore, Inc.* (W.D. Pa. 1976), 71 F.R.D. 616; *Moore* v. *New York Cotton Exchange* (1926), 270 U.S. 593; *Great Lakes Rubber Corp.* v. *Herbert Cooper Co.* (C.A. 3, 1961), 286 F. 2d 631, 634. *Sapp* v. *Azar* (1977), 53 Ohio App. 2d 277 [7 O.O.3d 332], is factually distinguishable and inapplicable.

The judgment of the court of appeals is reversed, and the judgment of the trial court in favor of plaintiff Geauga Truck is vacated and final judgment is hereby entered in favor of defendant Juskiewicz.

*Judgment reversed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and WISE, JJ., concur.

WISE, J., of the Fifth Appellate District, sitting for J. P. CELEBREZZE, J.

