OPINION
Defendant-appellant Patricia Fike appeals the judgment of the Southwest Area Court of Columbiana County which denied her motion to file an answer and counterclaim instanter in the action for back rent filed by her landlord plaintiff-appellee Charles Faris. For the following reasons, the trial court's judgment is affirmed.
 STATEMENT OF FACTS
On September 28, 1998, after serving a three-day notice to vacate, appellee filed a complaint against appellant containing a cause of action seeking possession for forcible entry and detainer and a cause of action seeking September's rent and damages. Pursuant to the summons, appellant appeared at the forcible entry and detainer hearing on October 14, 1998. Although the summons disclosed that appellant had twenty-eight days to answer appellee's claim of unpaid rent, appellant did not file a timely answer.
For some unknown reason, the court did not issue a judgment entry on the October 14 hearing until after appellee wrote a letter inquiring about the status of the case. Finally, on April 30, 1999, the court released a judgment entry which found for appellee on his first cause of action and ordered appellant to vacate the premises, which she had already done. The court then set May 26, 1999 as the date for the hearing on the unpaid rent claim.
On May 14, 1999, appellant's newly retained attorney filed a motion for a continuance and for leave to file an answer and a counterclaim. Appellant alleged that on February 2, 1999, appellee entered her apartment without notice, removed her personal belongings and destroyed various items. The court granted a continuance but denied leave to plead. On June 4, 1999, appellant filed a motion for leave to file an answer and counterclaim instanter. Once again, the court overruled appellant's request. The unpaid rent hearing was held on June 9, 1999 where appellee testified that appellant owed rent from September 1998 through January 1999. He also stated that appellant left him with an unpaid sewer bill. After the hearing, the court awarded appellee $2,240.50. We note that liability for the judgment was joint and several between appellant and her co-defendant, John Post, who is not a party to the appeal. The within timely appeal followed.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error contends:
 THE TRIAL COURT ERRED IN ITS RULING THAT DENIED APPELLANT'S MOTION FOR LEAVE TO ANSWER AND FILE A COUNTERCLAIM WHEN A COUNTERCLAIM MATURED AFTER THE TWENTY-EIGHT DAY ANSWER PERIOD EXPIRED, BUT BEFORE THE HEARING ON THE MERITS."
A counterclaim may be raised in a landlord-tenant dispute if authorized by Civ.R. 13. Jemo Associates, Inc. v. Garman
(1982), 70 Ohio St.2d 267. Appellant alleges that the court abused its discretion by failing to grant leave to file her counterclaim. Appellant cites Civ.R. 13(E) which provides as follows:
 AA claim which matured or was acquired by the pleader after serving his pleading may, with the permission, be presented as a counterclaim by a supplemental pleading."
Although the summons informed appellant that she had twenty-eight days to file an answer to the claim of unpaid rent, appellant failed to comply. It is axiomatic that one can only supplement that which exists. Therefore, appellant had to first plead before she could supplement her pleading as contemplated by the aforementioned Civ.R. 13(E).
Appellant complains that such a result is contrary to the interest of justice because appellee will not be forced to answer for his alleged acts. Appellant believes that her counterclaim is compulsory and is thus waived by the lack of its filing in this suit. However, the procedural rule on compulsory counterclaims reads as follows:
 AA pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *." Civ.R. 13 (A).
A two-prong test is apparent. If a counterclaim meets the two-part test, then it must be raised in the pleading or it is waived, i.e. it may not be raised as a cause of action in a separate lawsuit. The first inquiry is whether the claim exists at the time of serving the pleading. Rettig Enterprises, Inc. v.Koehler (1994), 68 Ohio St.3d 274, 277, citing Geauga Truck Implement Co. v. Juskiewcz (1984), 9 Ohio St.3d 12, 14. The second issue is whether the claim arises out of the transaction or occurrence that is the subject matter of the opposing claim. Id.
In this case, no responsive pleading was filed by appellant. Even if appellant had filed a timely answer, appellant's claim against appellee would not have existed at the time of service of the answer. Therefore, the first part of the test for a compulsory counterclaim is not met. See Geauga, 9 Ohio St.3d at 15 (holding that a counterclaim is not compulsory if it was not complete and did not exist at the time the defendant was required, under Civ.R. 12(A)(1) and (B), to serve an answer and counterclaim). See, also, Yaklevich v. Kemp, Schaeffer Roweco, L.P.A. (1994),68 Ohio St.3d 294, 299.
This analysis is supported by the language of Civ.R. 13(E) which states that a court may "give permission" to file a counterclaim that matured or was acquired by the pleader after a pleading is served. Hence, it is within the court's discretion whether to allow the filing of an after-acquired counterclaim. If an after-acquired counterclaim can be compulsory, then it seemingly would not be left to the discretion of the court as the rule provides but would be an undeniable right of the defendant to supplement his answer with this counterclaim to avoid waiver.
In conclusion, appellant was specifically informed of the deadline for filing an answer under Civ.R. 12(A)(1). She admitted her debt of rent by foregoing her right to answer. Appellant did not show that her failure to timely answer was the result of excusable neglect as required by Civ.R. 6(B)(2). Rather, she sought to file a late answer due to an after-acquired counterclaim. Particularly, she wished to set off the amount she owed by the amount of damage appellee allegedly later caused her. Note that appellant did not seek leave to file an answer until more than seven months after receiving the complaint against her and more than three months after the counterclaim was acquired.
Moreover, appellee was seeking money for appellant's passive acts of failing to pay rent from September through January while appellant claimed her damages were suffered in February due to active misdeeds of appellee. The facts needed to support each parties' claims are not duplicative. See Rettig,68 Ohio St.3d at 278 (considering this factor and stating that the second prong in a compulsory counterclaim determination, whether it arises out of the original transaction, involves the logical relation test which is flexible). The court was within its discretion to deny appellant leave to file an answer which sought to assert an after-acquired counterclaim. See Tinlin v. White (Sept. 20, 1999), Carroll App. No. 68, unreported (stating that a court's decision under Civ.R. 6(B)(2) will not be disturbed on appeal absent a showing of abuse of discretion).
For all of the foregoing reasons, this assignment of error is overruled. Accordingly, the trial court's judgment is affirmed.
 ____________________ VUKOVICH, J.
Donofrio, J., concurs.
Waite, J., concurs.