OPINION
{¶ 1} Plaintiff-Appellant, John O. Shaffer, appeals a judgment of the Logan County Court of Common Pleas, General Division, awarding Defendant-Appellee, Frederick Shaffer, approximately thirty three thousand dollars in damages for Appellant's breach of a real estate purchase contract with Appellee. On appeal, Appellant asserts that Appellee's counterclaim for money damages was a compulsory counterclaim and was barred by res judicata. Finding that Appellee's counterclaim for damages for breach of contract was not a compulsory counterclaim and that his counterclaim was not barred by res judicata, we affirm the judgment of the trial court.
 {¶ 2} The facts of this case revolve around a conveyance of a seventy two acre tract of farm land with a house lot (hereinafter referred to as "farm") between a father, Appellant, and his son, Appellee. According to a stipulation of facts, on or about May 21, 2003, Appellant and Appellee entered into a real estate purchase contract under which Appellant agreed to sell and Appellee agreed to purchase the farm. On June 3, 2003, while in the hospital, Appellant and Appellee executed many documents including a deed for the farm, a mortgage, and a note to complete the conveyance of the farm.
 {¶ 3} In Shaffer v. Shaffer, Logan County Court of Common Pleas Case No. 03 08 0312 (hereinafter referred to Shaffer I), Appellant attempted to have the real estate purchase contract as well as the documents executed on June 3, 2003 voided and rescinded. In an agreed motion to conform the pleadings to the evidence, Appellee moved to amend his pleadings to add a counterclaim for specific performance of the real estate purchase contract. In a journal entry dated May 11, 2004, the trial court ordered that the documents executed on June 3, 2003 be rescinded and declared void. Additionally, the trial court did not rescind or void the real estate purchase contract entered into on or about May 21, 2003. Further, the trial court stated:
By agreement of the parties the Court approved an entryamending the prayer of the complaint * * * for the [Appellee] topray for specific performance. Although not prayed for in theamended answer/counterclaim, this Court will not order specificperformance of the contract due to the hardship that would besuffered by the [Appellant] as the result of the contract.
(May 2004 Judgment Entry, Shaffer I). Finally, the trial court ordered Appellee to reconvey the farm to Appellant within thirty days.
 {¶ 4} On June 21, 2004, Appellant was reinstated as the fee simple owner of the farm, and both parties have stipulated that Appellee was the record owner of the farm from June 3, 2003 until June 21, 2004.
 {¶ 5} In July of 2004, Appellant filed a complaint in the Bellefontaine Municipal Court for, among other things, past due rent in connection with Appellee's use of the farm during Appellee's record ownership from June 3, 2003 to June 21, 2004.
 {¶ 6} On August 13, 2004, Appellant sold the tillable portion of the farm for approximately one hundred and seventy thousand dollars, while he retained the portion of the farm consisting of the farmhouse, outbuildings, and a pond.
 {¶ 7} In September of 2004, Appellee answered Appellant's complaint and counterclaimed for money damages for breach of the real estate purchase contract. Subsequently, Appellant answered and amended his complaint to add a claim for damages for various real property tax claims.
 {¶ 8} In December of 2004, Appellant's action was certified to the Logan County Court of Common Pleas because Appellee's claim for money damages exceeded the monetary jurisdiction of the Bellefontaine Municipal Court.
 {¶ 9} In July of 2005, a bench trial was held. At trial, the trial court had before it as evidence a written stipulation of facts prepared by the parties, the real estate purchase contract between the parties, the trial court's prior judgment entry inShaffer I, an affidavit of transfer conveying the farm from Appellee to Appellant, and a deed from Appellant to the August 2004 purchasers of the tillable portion of the farm.
 {¶ 10} In its August 2005 judgment entry, the trial court found, among other things, that Appellee established that a contract was entered into between the Appellant and Appellee by a preponderance of the evidence. Additionally, the trial court stated,
The [Appellee] seeks damages and the [Appellant] contends thatthe [Appellee] is not entitled to damages because this claim wasnot asserted in the prior case. The Court believes that the[Appellee] is correct in asserting that this issue was not ripein the prior case and it was not, therefore, a compulsorycounter-claim. * * * The Court finds that [Appellee] is entitledto damages and it is the difference between the contract priceand what the [Appellee] would pay for the same goods.[1] * * * Accordingly, the Court finds that the [Appellant] hasbreached the contract and the [Appellee] is damaged in the amountof $38,000. Setting off the damages found under the complaint inthe amount of $4,898.30 a balance is owed from the [Appellant] tothe [Appellee] in the amount of $33,101.70.
(Aug. 2005 Judgment Entry).
 {¶ 11} It is from this judgment Appellant appeals, providing the following assignment of error for our review:
The trial court erred by ruling that Defendant's counterclaimfor damages for breach of contract was not a compulsorycounterclaim and by failing to rule that the counterclaim wasbarred by res judicata.
 {¶ 12} In his assignment of error, Appellant presents two separate issues for our review. First, Appellant contends that the trial court erred in granting Appellee damages because Appellee's counterclaim was a compulsory counterclaim and is barred by Civ.R. 13(A). Additionally, Appellant contends that the trial court erred in granting Appellee damages because Appellee's counterclaim was barred by res judicata. We disagree.
 {¶ 13} Due to the nature of Appellant's assignment of error, we will begin by addressing his assertion that Appellee's counterclaim was a compulsory counterclaim, and then, address his assertion that Appellee's counterclaim was barred by res judicata.
 Compulsory Counterclaims — Civ.R. 13(A) {¶ 14} Civ.R. 13(A) requires that all existing claims between opposing parties arising out of the same transaction or occurrence be litigated in a single lawsuit, regardless of which party initiates the suit. Rettig Enterprises, Inc. v. Koehler,68 Ohio St.3d 274, 278, 1994-Ohio-127. Civ.R. 13(A) provides, in pertinent part:
A pleading shall state as a counterclaim any claim which atthe time of serving the pleading the pleader has against anyopposing party, if it arises out of the transaction or occurrencethat is the subject matter of the opposing party's claim and doesnot require for its adjudication the presence of third parties ofwhom the court cannot acquire jurisdiction.
 {¶ 15} The Ohio Supreme Court has provided a two-pronged test for applying Civ.R. 13(A): (1) does the claim exist at the time of serving the pleading; and (2) does the claim arise out of the transaction or occurrence that is the subject matter of the opposing claim. Koehler, 68 Ohio St.3d at 277, citing GeaugaTruck Implement Co. v. Juskiewicz (1984), 9 Ohio St.3d 12, 14. And, if both prongs are met, then the present claim was a compulsory counterclaim in the earlier action and is barred by virtue of Civ.R. 13(A). Id.
 {¶ 16} Here, Appellant contends that his complaint inShaffer I prayed for the trial court to, among other things, order that the deed for the farm be voided and the real estate purchase contract be rescinded. Therefore, Appellant contends that a "proper" Appellee response would have denied the allegations and requested that if the trial court voided the deed, then the real estate purchase contract should be specifically enforced or money damages should be awarded. However, Appellant notes that Appellee failed to make this counterclaim, and instead, only the issue of specific performance was tried before the trial court with the parties' consent. As a result, Appellant contends that Appellee's counterclaim, in the present case, for money damages must have existed at the time of the serving of the original pleading, since the remedies of specific performance and money damages co-exist. Additionally, Appellant contends that both an action for money damages and specific performance arise out of the same transaction or occurrence. Accordingly, Appellant asserts that Appellee's counterclaim for money damages is a compulsory counterclaim and should be barred under Civ.R. 13(A).
 {¶ 17} Appellee contends that he did not have a claim for breach of contract at the time Appellant served his initial pleading in Shaffer I, because he was the record owner of the farm at that time. Therefore, Appellee argues that his claim for money damages did not exist at the time he served his responsive pleading in Shaffer I. Accordingly, Appellee believes that he did not have a compulsory counterclaim in Shaffer I for breach of the real estate purchase contract. We agree.
 {¶ 18} We begin by discussing whether Appellee had a claim for breach of contract at the time of Shaffer I. In the real estate purchase contract executed on or about May 24, 2003, paragraphs four through six stated:
4. Closing. The closing shall take place at a time andlocation mutually agreeable to the parties on or before 30 daysof the date of this contract.
 5. Possession. Buyer shall be entitled to possession ofthe premises upon delivery of deed.
 6. Deed. At the closing, upon the payment of the purchaseprice, Seller shall convey to Buyer marketable title in feesimple by transferable and recordable warranty deed, free andclear of all liens and encumbrances, except those of record andlegal highways.
 {¶ 19} Thus, Appellant had thirty days after the execution of the real estate purchase contract to convey the farm to Appellee. On June 3, 2003, Appellant executed a deed and the transfer was completed within the requirements of the real estate purchase contract, until Appellant filed his complaint in Shaffer I.
 {¶ 20} After the decision in Shaffer I, the trial court ordered the deed, among other documents signed on June, 3, 2003, to be set aside, while the trial court kept the real estate purchase contract intact and enforceable. Additionally, the trial court ordered Appellee to reconvey the farm back to Appellant within thirty days.
 {¶ 21} It is undisputed that Appellee was the owner of record of the farm during Shaffer I. Therefore, we question whether the trial court should have or could have determined the issue of specific performance of the real estate purchase contract in the case sub judice, when the trial court set aside the deed and conveyance of the farm. However, putting that question aside, we note that Appellant could not have been liable for money damages, because neither of the parties had breached the real estate purchase contract during Shafer I. It was not until Appellant sold the tillable portion of the farm on August 13, 2004, that the real estate purchase contract, which bound Appellant and Appellee, had been breached. Therefore, Appellee could not have counterclaimed for money damages, because the breach of contract claim did not exist at the time of the original pleading. Thus, Appellee's claim for money damages fails the first prong of the Ohio Supreme Court's test in Koehler. Accordingly, we find that Appellee's claim for money damages was not a compulsory counterclaim and should not be barred by Civ.R. 13(A).
 Res Judicata {¶ 22} "It has long been the law of Ohio that `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been
litigated in a first lawsuit.'" National Amusements, Inc. v.City of Springdale (1990), 53 Ohio St.3d 60, 62, quoting Rogersv. City of Whitehall (1986), 25 Ohio St.3d 67, 69 (emphasis in original). "[W]here a party is called upon to make good his cause of action * * *, he must do so by all the proper means within his control, and if he fails in that respect * * *, he will not be permitted to deny the correctness of the determination, nor to relitigate the same matters between the same parties." Id., quoting Covington Cincinnati Bridge Co. v. Sargent (1875),27 Ohio St. 233, para. one of the syllabus. "The doctrine of resjudicata `encourages reliance on judicial decisions, bars vexatious litigation, and frees the court to resolve other disputes.'" Id., quoting Brown v. Felsen (1979), 442 U.S. 127,131. "`Its enforcement is essential to the maintenance of social order; for, the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if * * * conclusiveness did not attend the judgments of such tribunals * * *.'" Id., quoting Southern Pac. Rd. Co. v. United States
(1897), 168 U.S. 1, 49.
 {¶ 23} Appellant contends that the doctrine of res judicata is applicable because Appellee's claim for money damages in the instant case should have been made in Shaffer I, which denied Appellee's motion for specific performance of the real estate purchase contract. We disagree.
 {¶ 24} We begin by first questioning whether the trial court had the authority to determine the issue of specific performance in Shaffer I. In Shaffer I, the trial court set aside the deed which would have conveyed the farm to Appellee, but kept the real estate purchase contract enforceable. Additionally, inShaffer I, the trial court determined that specific performance would not be awarded to Appellee.
 {¶ 25} "Generally, specific performance can be awarded if there was a valid enforceable contract that was breached."Harris v. Reiff, 6th Dist. No. WD-03-056, 2003-Ohio-7264, at ¶ 9, citing City of Tiffin v. Shawhan (1885), 43 Ohio St. 178, para. two of the syllabus. However, the trial court in ShafferI never found a breach of the real estate purchase contract by either party. Thus, the determination of specific performance inShaffer I was not ripe, because neither party had breached the real estate purchase contract. And as a result, Appellee's current claim for money damages on Appellant's breach of the real estate purchase contract would clearly not be barred by res judicata.
 {¶ 26} Nevertheless, since Shaffer I was never appealed, we will assume, arguendo, that the trial court properly determined the issue of specific performance and decide this issue on a different basis.
 {¶ 27} In Porter v. Wagner, the Ohio Supreme Court stated, "A judgment of dismissal of a petition for specific performance of an agreement and of a counter-claim asking a rescission of the same, is no bar to an action for the recovery of money paid on the agreement * * *." (1881), 36 Ohio St. 471, para. one of the syllabus. Additionally, the Circuit Court of Ohio found that a dismissal of a specific performance suit refusing to decree performance of a real estate purchase contract was not res judicata in a subsequent action for damages for failure to perform the real estate purchase contract. Peck v. Osborn
(1911), 33 Ohio C.D. 83, 1911 WL 794. Further, the Ohio Supreme Court in Center Ridge Ganley, Inc. v. Stinn stated,
[W]e agree with appellants that a finding that a party is notentitled to the equitable relief of specific performance ismerely a denial of one special form of damages. In our opinion,such a denial of specific performance should not necessarilypreclude, by way of res judicata, an action for moneydamages.
(1987), 31 Ohio St.3d 310, 315.
 {¶ 28} Since a claim for specific performance and a claim for money damages arising out of the same factual context represent two different causes of action, we find that Appellee's claim for money damages in the current action was not barred by res judicata. See Id. ("[A] claim for specific performance and a claim for money damages arising out of the same factual context [represent] different causes of action.")
 {¶ 29} Finding that Appellee's claim for money damages was not a compulsory counterclaim and should not be barred by Civ.R. 13(A) and was not barred by res judicata, we overrule Appellant's assignment of error.
 {¶ 30} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant, P.J., and Cupp, J., concur.
[1] We note that the trial court has provided a valid measure of damages; however, the contract in question involves a tract of real estate rather than goods. We believe that this is just a typographical error and the trial court intended to provide Appellee with his "expectation" damages. See Restatement (Second) of Contracts § 347.