[Cite as *Ashtabula Cty. Airport Auth. v. Rich*, 2017-Ohio-9263.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | | |
|---|---|---|---|
| ASHTABULA COUNTY AIRPORT AUTHORITY, et al., | : | **O P I N I O N** | |
| | : | | |
| Plaintiffs-Appellees, | : | **CASE NO. 2017-A-0018** | |
| | : | | |
| - vs - | : | | |
| | : | | |
| JOSEPH A. RICH, | : | | |
| | : | | |
| Defendant-Appellant. | : | | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2015 CV 0097.

Judgment: Affirmed in part, reversed in part, and remanded.


*David E. Pontius* and *Jason L. Fairchild,* Andrews & Pontius, L.L.C., 4810 State Road, P.O. Box 10, Ashtabula, OH 44005 (For Plaintiff-Appellee, Ashtabula County Airport Authority).

*Thomas L. Feher* and *Barbara A. Lum,* Thompson Hine, L.L.P., 3900 Key Center, 127 Public Square, Cleveland, OH 44114 (For Plaintiff-Appellee, Dwight H. Bowden).

*David A. McGee,* Svete & McGee Co., L.P.A., 100 Parker Court, Chardon, OH 44024 (For Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Joseph A. Rich, appeals from the judgments of the Ashtabula County Court of Common Pleas, granting plaintiffs-appellees, the Ashtabula County Airport Authority and Dwight H. Bowden's, Motion for Partial Summary Judgment and awarding them past due rent and attorney's fees. The issues to be determined in this case are whether a claim for rent that is not yet due and payable at

the time a complaint is filed is a compulsory counterclaim and whether a counterclaim relating to indemnification for attorney's fees incurred during an underlying claim is compulsory. For the following reasons, we affirm in part, reverse in part, and remand the judgment of the court below.

{¶2} On February 17, 2015, appellees filed a Complaint against Rich. It alleged that, in 2013, Rich failed to comply with the terms of a lease agreement he had entered into with Ashtabula Airport Authority, under which Rich rented a portion of an aircraft hangar. The Complaint alleged that Rich breached the agreement by discontinuing use of electric power and using a portable generator within the hangar. After being notified via letter "of the 30-day termination of his tenancy * * * effective September 30, 2013," Rich did not vacate but instead filed suit against the appellees (Ashtabula County Court of Common Pleas Case No. 2013 CV 756). Rich ultimately left the hangar in December 2014.

{¶3} The appellees' Complaint raised two counts. Count One was for Breach of Contract for Unpaid Rent from October 2013 through December 2014. Count Two was for Indemnification for Attorney's Fees which were incurred when appellees defended the 2013 action brought by Rich in relation to the lease.

{¶4} Rich filed an Answer on April 16, 2015, arguing, inter alia, that the claims were "barred by Ohio Civ. R. 13 and the rules governing compulsory counterclaim."

{¶5} Appellees filed a Joint Motion for Partial Summary Judgment on September 2, 2015. They argued that Rich refused to vacate the hangar for over a year after their request to terminate the lease and did not make payments for rent from October 1, 2013 to December 15, 2014. Regarding the indemnification claim, they

2

contended that the lease required Rich to pay for the attorney's fees they incurred from defending prior suits in relation to the lease and Rich's lack of compliance.

{¶6} Rich filed a Motion for Summary Judgment and Brief in Opposition on January 14, 2016. He argued that the rent arrearage is barred as a compulsory counterclaim that appellees failed to raise in previous proceedings. He also contended that the indemnity provision was barred as against public policy. The parties subsequently filed a reply and sur-reply.

{¶7} The following pertinent deposition testimony and exhibits were presented on summary judgment:

{¶8} Rich testified that he signed an agreement to lease the hangar for 2013. The terms of the lease provided, in pertinent part, for monthly payment of rent due on the 1st but accepted until the 21st prior to a determination of default, and required that no alterations be made to the property and that Rich follow the Ashtabula County Airport Rules and Regulations. The lease contained an "Indemnification" clause which provided that the lessee:

> shall indemnify, defend and save harmless Lessor, its agents,
> employees, trustees, officers, directors and contractors from and
> against any and all loss, [and] cost (including attorneys' fees) * * *
> arising from or in connection with (i) Lessee's use of, occupancy of,
> or activities in or about the Hangar Space; (ii) any breach or default
> by lessee of the provisions of this Agreement; [and] (iii) any
> negligent act or willful misconduct by Lessee * * *.

{¶9} Rich indicated that at some point during 2013, he requested that First Energy suspend the electricity to his hangar. He confirmed that he used a generator

3

within his hangar, as well as installed an outlet for use with the generator. Dwight Bowden, the board president of the Ashtabula County Airport, testified that a prohibition against generators in the Rules and Regulations was in place to protect the safety of the airport.

{¶10} An August 13, 2013 letter from the Airport Authority's counsel to Rich indicated that his tenancy would be terminated on September 30, 2013, for violating the lease agreement due to his "discontinuation of electric power" and use of the portable generator. Rich testified that once he received the letter, he "immediately took the generator out, took the wiring out, [and] put it back to its regular state." Rich agreed that his plane remained in the hangar after receiving this letter from October 2013 through December 15, 2014, when he vacated the airport, but paid no rent for those months.

{¶11} On October 7, 2013, in Ashtabula County Court of Common Pleas Case No. 2013 CV 756, Rich filed a Complaint against the appellees and the Ashtabula Airport Board of Trustees, raising claims for Breach of Contract, Discriminatory Conduct, Breach of Good Faith, Declaratory Judgment, Breach of Fiduciary Duty, Fraud, and a violation of 42 U.S.C. §§ 1983 and 88. These claims arose primarily from the appellees' "attempt to terminate" and failure to extend the lease. After the matter was removed to federal court in relation to a First Amendment retaliation claim, it was remanded back to the Court of Common Pleas for resolution of the remaining claims.

{¶12} Ashtabula County Airport Authority filed a Landlord's Complaint on October 25, 2013, in the Ashtabula County Court, Eastern Area, asking for restitution of the premises and also alleging that Rich was in default for failure to pay rent in October 2013 and should be ordered to pay rent for any future months he did not tender payment. The court dismissed the matter on November 25, 2013, stating that it should

4

have been raised in the Common Pleas Court, which had "first acquired jurisdiction." This decision was affirmed in *Ashtabula Cty. Airport Auth. v. Rich*, 11th Dist. Ashtabula No. 2013-A-0069, 2014-Ohio-4288.

{¶13} On December 12, 2014, the Ashtabula County Court of Common Pleas issued a Judgment Entry in Case No. 2013 CV 756, granting the defendants' Motion for Judgment on the pleadings. It held that either party had the right to terminate the lease, without cause, by giving thirty days prior written notice to the other party, a right which the defendants properly exercised. Thus, Rich's claims were dismissed.

{¶14} In the present matter, following review of the foregoing summary judgment motions, evidence, and proceedings, in a March 30, 2016 Judgment Entry, the trial court granted the appellees' Joint Motion for Partial Summary Judgment and denied Rich's Motion for Summary Judgment. It found the claim for rent was not a compulsory counterclaim since, with the exception of the October 2013 rent, the remaining rent became due only after the appellees had filed their answer in Rich's underlying 2013 CV 756 claim. The court concluded that the indemnification clause for attorney's fees in the lease agreement was not unconscionable, and was enforceable for the purpose of collecting attorney's fees. Rich's subsequent Motion for Reconsideration was denied.

{¶15} Following a hearing on the issue of damages, the court found that Ashtabula County Airport Authority should be awarded an amount of $57,575 for attorney's fees and $3,132.38 for unpaid rent, and Bowden should be awarded an amount of $101,930 for attorney's fees.

{¶16} Rich timely appeals and raises the following assignments of error:

{¶17} "[1.] The trial court erred in denying Appellant, Joseph Rich's, Motion for Summary Judgment and granting Appellees, Ashtabula Airport Authority and Dwight

5

Bowden's Motion for Summary Judgment on the issue of liability for attorney fees and rent arrearage under the hangar lease at issue.

**{¶18}** "[2.]  The damage award rendered is against the manifest weight of the evidence and/or based upon inadmissible evidence."

**{¶19}** In his first assignment of error, Rich argues that the trial court erred in granting summary judgment in favor of the appellees.

**{¶20}** Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor."

**{¶21}** A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).  "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision."  (Citation omitted.)  *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶ 27.

**{¶22}** Rich argues that both the attorney's fees/indemnification claim and the request for the rent arrearage should have been raised in the prior proceedings he initiated, as they were compulsory counterclaims, and cannot now be raised in a separate lawsuit.

6

{¶23} As an initial matter, the appellees argue that Rich cannot advance a res judicata defense since he did not raise it in his Answer. However, Rich's Answer stated as a defense that the matters raised in the Complaint should have been previously brought through a compulsory counterclaim, the same contention raised here. Thus, we will consider the merits of this argument.

{¶24} Pursuant to Civ.R. 13(A), "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

{¶25} "The two-pronged test for applying Civ.R. 13(A) is: (1) does the claim exist at the time of serving the pleading * * *; and (2) does the claim arise out of the transaction or occurrence that is the subject matter of the opposing claim." *Geauga Truck & Implement Co. v. Juskiewicz*, 9 Ohio St.3d 12, 14, 457 N.E.2d 827 (1984). The Supreme Court held that a claim becomes a compulsory counterclaim where it "is complete and exists before the time the [defendant] is required under Civ.R. 12(A)(1) and (B) to serve his answer and counterclaim." *Id.* at 15. *But see Kerr v. Lakewood Shore Towers, Inc.*, 8th Dist. Cuyahoga No. 93462, 2010-Ohio-265, ¶ 23 (considering whether the counterclaim existed at the time the forcible entry and detainer complaint was initiated).

{¶26} "To determine whether a counterclaim is compulsory, the Supreme Court of Ohio has adopted the 'logical relation' test." *Rymers v. Rymers*, 11th Dist. Lake No. 2011-L-064, 2012-Ohio-1675, ¶ 48. This test provides that "a compulsory counterclaim is one which is logically related to the opposing party's claim where separate trials on

7

each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts." *Rettig Ents., Inc. v. Koehler,* 68 Ohio St.3d 274, 626 N.E.2d 99 (1994), paragraph two of the syllabus.

{¶27} As to the rent arrearage, Rich argues that it should have been raised during his 2013 lawsuit. The appellees argue that the claim for a rent arrearage did not exist at the time of the first pleading, October 7, 2013, since Rich was not in default for October rent until October 21, 2013, and that the only claim in existence when the appellees' Answer was filed on November 6, 2013, was for October rent. We note that the trial court decided that October rent should not be awarded given these circumstances.

{¶28} We must consider, then, whether the claim for November 2013 through December 2014 rent was a compulsory counterclaim. As noted above, for the compulsory counterclaim rule to apply, the claim must exist at the time of the pleading. At the time of the filing of both the complaint and answer in Rich's lawsuit, no such rent was due or owed. It was not clear at that point whether Rich would remain as a tenant, since he had been asked to leave and had not signed a new lease for 2014.

{¶29} In relation to rent claims in general, it has been held that recovery for a monthly installment of rent due when an action has commenced does not bar recovery for subsequent installments due under the lease. *Ogle Leasing Co. v. Submarine Galley*, *Inc.*, 2d Dist. Montgomery No. 11267, 1990 WL 1780, *4 (Jan. 11, 1990); *see Humitsch v. Collier*, 11th Dist. Lake No. 99-L-099, 2001 WL 20733, *3 (Dec. 29, 2000). *Compare Lujan v. Smith*, 6th Dist. Lucas No. L-83-197, 1983 WL 6990, *5 (Nov. 11, 1983) (noting that each default for rent may be the subject of an independent action). Under this reasoning, we see no basis to conclude that appellees could not wait to

8

request rent that was not yet owed at the time the prior lawsuit was initiated, especially given that it was unclear how long Rich would remain in possession or if he would continue to pay rent. It is noteworthy that Rich testified he had a credit card on file with appellees and that he informed them they could take out rent while he continued to remain in breach of the lease, further supporting a conclusion that no claim existed at the time the complaint and answer were filed in Rich's lawsuit.

{¶30} Rich contends that a claim for past rent was also barred by the decision of the Ashtabula County Court, Eastern Area (2013 CVG 335), in which Ashtabula County Airport Authority filed a forcible entry and rent claim, as well as this court's decision on appeal in that case. In 2013 CVG 335, the judge concluded that it was without jurisdiction because the Common Pleas Court had "first acquired jurisdiction," and that "this claim must have been filed as a counterclaim in that action." This does not amount to a holding that the claim now raised was compulsory. Moreover, on appeal, this court merely noted that Civ.R. 13(A) is not clearly inapplicable in a forcible entry and detainer action, and emphasized that the real issue was whether the Eastern Area court had jurisdiction. *Ashtabula Cty. Airport Auth.*, 2014-Ohio-4288, at ¶ 22 ("Whether the civil rules require this [forcible entry action] to be filed as a compulsory counterclaim is not relevant to whether one court has *jurisdiction* to the exclusion of others."). No ruling was made as to the issue presently before this court, whether the rent arrearages were a compulsory counterclaim in the common pleas proceedings.

{¶31} For these reasons, we find that the lower court correctly determined the rent claim was not a compulsory counterclaim and its merits were properly considered and ruled upon by the court.

{¶32} Rich also argues that the indemnification claim was barred by Civ.R. 13(A) and should have been raised in the prior proceedings rather than in the present lawsuit.

{¶33} The indemnification for attorney's fees claim in this matter arises from a clause in the lease that requires Rich to pay such fees related to any claims arising from or relating to the lease or from his breach of the lease.

{¶34} The trial court did not address Rich's claim that the attorney's fees request was barred due to the appellees' failure to raise this as a compulsory counterclaim in the prior action.[1]   Upon review of this issue, we find that the indemnification for attorney's fees claim should have been raised in Rich's initial lawsuit, Ashtabula Court of Common Pleas Case No. 2013 CV 756.

{¶35} Courts have recognized that claims for attorney's fees should be raised as compulsory counterclaims when they relate to the underlying litigation. *L.M. Lignos Ents. v. Beacon Ins. Co. of Am.*, 8th Dist. Cuyahoga No. 70816, 1997 WL 67755, *2 (Feb. 13, 1997); *Rome Hilliard Self Storage v. Conkey,* 10th Dist. Franklin No. 02AP-973, 2003-Ohio-5038, ¶ 12.

{¶36} Here, the elements of the two-prong test and "logical relation" test for compulsory counterclaims outlined above are met.  First, the attorney's fees claim existed at the time of the pleadings.  Upon the filing of the complaint, litigation had commenced and the appellees began to be represented by counsel.  While the exact amount of the fees to be recovered could not yet be determined, this is no different than

---

1. While Rich did not discuss the compulsory counterclaim issue as to attorney's fees/indemnification in his initial summary judgment motion, it was raised both in his answer and in the subsequent summary judgment reply, to which the appellees had the chance to respond.  As this court has held, a party which fails to request that a new argument raised in a reply be stricken cannot argue that it is "ambushed" by a new argument or assert waiver. *Staschiak v. Certified Logistics,* 11th Dist. Trumbull No. 2015-T-0055, 2016-Ohio-897, ¶ 18.

any other claim for attorney's fees. Bowden argues that, since he did not hire counsel until after the initial complaint and answer were filed, his claim did not yet exist. Such a contention is questionable, given that he was represented through the filing of an answer made on behalf of all defendants and that he was in the process of obtaining separate counsel who represented him for the entire length of the proceedings. Furthermore, Bowden argues that the basis for the claim of indemnification was Rich's breach of the lease, an event that took place even before the filing of Rich's lawsuit.

{¶37} The appellees cite case law arguing that indemnity does not apply until a loss is suffered. *See Casto v. Sanders*, 11th Dist. Portage No. 2004-P-0060, 2005-Ohio-6150, ¶ 38; *Stengel v. Columbus*, 74 Ohio App.3d 608, 613, 600 N.E.2d 248 (10th Dist.1991). These cases provide little guidance as they relate to a specific loss in an insurance claim and/or statutory indemnity and do not address the concern of when a "loss" occurs in relation to recovery of attorney's fees. *Casto* is also dissimilar in that it relates to a third-party indemnifying a loss rather than a direct claim for attorney's fees from the lessor to the lessee.

{¶38} *Rome Hilliard*, cited above, provides guidance for the particular circumstances of this case. In *Rome Hilliard*, Conkey rented a parking space from Rome Hilliard, and signed a contract agreeing to indemnify Rome Hilliard for attorney's fees arising from his use of the premises. Conkey sued Rome Hilliard when his trailer was stolen from the premises. 2003-Ohio-5038, at ¶ 2-5. After that litigation had ended, Rome Hilliard brought a complaint for attorney's fees under the indemnification clause, which was dismissed due to failure to file the claim as a compulsory counterclaim in the initial litigation. *Id.* at ¶ 8-9. The appellate court held that the counterclaim was compulsory, since the attorney's fees related directly to the subject

11

matter of the initial claim. It emphasized that the "claim for attorney fees involves duplicating evidence previously explored in the ancillary litigation. The core facts in the present litigation would be substantially the same, if not identical, to those in the ancillary litigation because only one set of events gave rise to all of the claims: the storage contract was the basis of both the ancillary and the present litigation." *Id.* at ¶ 16. *See also L.M. Lignos*, 1997 WL 67755, at *1-2 (when the appellant's insurer brought an action for declaratory judgment to determine whether it had a duty to defend appellants, it was required to pursue as a compulsory counterclaim the request for reimbursement for attorney's fees in defending the declaratory judgment action).

**{¶39}** The same analysis applies here and the second prong of the compulsory counterclaim test is satisfied, since the claim for attorney's fees arose directly out of the prior claim and "involve[d] many of the same factual issues, or the same factual and legal issues." (Citation omitted.) *Rettig*, 68 Ohio St.3d at 279, 626 N.E.2d 99. Under the logical relation test, there was a duplication of time and effort in hearing the attorney's fees issue in a separate matter, as they related entirely to the tasks performed in the initial lawsuit. The judge there was in the best position to evaluate the work that occurred in the matter. Instead, filing a separate lawsuit merely duplicated much of the work, restating the facts from the prior case in many pleadings, as well as including attachments of various judgments from the prior proceedings that had to be considered and evaluated by a new judge. This duplication of effort was entirely unnecessary in this matter.

**{¶40}** Further, to find that the appellees were not required to file their counterclaim for attorney's fees in the prior proceeding merely because they had just hired counsel at that time or were in the process of doing so is inconsistent with the

12

clear objective of Civ.R. 13(A). The purpose of Civ.R. 13(A), is to "avoid a multiplicity of actions and to achieve a just resolution by requiring in one lawsuit the litigation of all claims arising from common matters." *Rettig* at 278; *Carlton v. Alar Dev. Co.*, 11th Dist. Portage No. 2006-P-0045, 2006-Ohio-6877, ¶ 12. There was no question at the time the proceedings began that the attorney's fees issue was intertwined with the underlying issues relating to the lease and the breach of the lease, as discussed above.

{¶41} Since the issue of attorney's fees in the underlying proceeding was a compulsory counterclaim, we reverse the court's judgment awarding attorney's fees in favor of the appellees. However, as to the award of rent in the present proceedings, since it was properly raised in this matter, attorney's fees that were expended in litigating that claim *only* may be awarded. On that basis, we remand to the trial court for the sole issue of determining and awarding the amount of attorney's fees expended *only* in relation to the collection of rent owed by Rich to the Ashtabula Airport Authority that was sought in the present lawsuit.

{¶42} It is necessary to address Rich's additional claim that the indemnification clause that allows for collection of attorney's fees in relation to the lease is unconscionable and inapplicable.

{¶43} The indemnification clause allows Ashtabula Airport Authority to recover attorney's fees "arising from or in connection with (i) Lessee's use of, occupancy of, or activities in or about the Hangar Space [and] (ii) any breach or default by lessee of the provisions of this Agreement." It is clear that attorney's fees expended to collect the rent payment for the months Rich continued to remain in the hangar arise from Rich's use and occupancy of the hangar. As such, the indemnification clause is applicable.

13

**{¶44}** Rich also argues that the indemnification clause is unconscionable and in violation of public policy because it requires him to pay attorney's fees any time he brings litigation, regardless of whether he wins or loses.

**{¶45}** We find no public policy violation. As applicable to the present case, this clause is fair, as it merely requires Rich to pay attorney's fees in relation to rent that he owed. Furthermore, "[i]n considering whether a provision in a contract is against 'public policy[,]' * * * we must remember that the freedom to contract is fundamental, and that we should not lightly disregard a binding agreement, unless it clearly contravenes some established or otherwise reasonable public interest." (Citation omitted.) *Hurst v. Ent. Title Agency, Inc.*, 157 Ohio App.3d 133, 2004-Ohio-2307, 809 N.E.2d 689, ¶ 18 (11th Dist.). We find that Rich voluntarily chose to enter this contract and has not established that it clearly convenes a public interest.

**{¶46}** To the extent that Rich contends that the clause is unconscionable, we disagree.

**{¶47}** "Unconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." (Citation omitted.) *Lake Ridge Academy v. Carney*, 66 Ohio St.3d 376, 383, 613 N.E.2d 183 (1993).

**{¶48}** "Substantive unconscionability goes to the specific terms of the contract. * * * [T]he court should observe whether the terms of the contract are commercially reasonable." *Bayes v. Merle's Metro Builders/Blvd. Constr., LLC*, 11th Dist. Lake No. 2007-L-067, 2007-Ohio-7125, ¶ 9. "Procedural unconscionability concerns the formation of the agreement, and occurs where no voluntary meeting of the minds was possible." *Porpora v. Gatliff Bldg. Co.*, 160 Ohio App.3d 843, 2005-Ohio-2410, 828

14

N.E.2d 1081, ¶ 7 (9th Dist.). "In order to determine whether or not a contract provision is procedurally unconscionable, courts consider the relative bargaining positions of the parties, whether the terms of the provision were explained to the weaker party, and whether the party claiming that the provision is unconscionable was represented by counsel at the time the contract was executed" as well as whether the service or good could be otherwise obtained, i.e., an absence of meaningful choice. *Id.*; *Collins v. Click Camera & Video, Inc.*, 86 Ohio App.3d 826, 834, 621 N.E.2d 1294 (2d Dist.1993). "One must allege and prove a 'quantum' of both prongs in order to establish that a particular contract is unconscionable." *Collins* at 834.

{¶49} Here, Rich fails to satisfy the procedural unconscionability prong and does not show an absence of meaningful choice. As the trial court noted, he is a businessman, and holds a master's degree, as well as being a flight instructor who conducted business out of the Ashtabula Airport. As to meaningful choice, while there was some testimony by Bowden that there may not be a similar type of hangar in Ashtabula County, he was aware of other airports in the area with different types of hangars, as well as an airport in Cuyahoga County with similar hangars. That Rich found it more convenient to use the Ashtabula Airport to store his airplane does not mean he was deprived of meaningful choice to reject the terms of the lease, including the indemnification clause. In his testimony, in fact, he highlighted some concerns he had with the lease, but chose to voluntarily sign it. He fails to prove the elements of procedural unconscionability and, thus, cannot prevail on this contention. *Collins* at 834. For these reasons, we reject the argument that the provision at issue was unconscionable.

{¶50} The first assignment of error is with merit in part, to the extent discussed above. The lower court, on remand, is ordered to consider attorney's fees to be awarded only as they relate to the collection of past due rent in the present lawsuit.

{¶51} In his second assignment of error, Rich argues that the attorney's fees award was against the weight of the evidence or based on inadmissible evidence. Since this award has been reversed and remanded for recalculation of appropriate damages, these arguments are rendered moot.

{¶52} The second assignment of error is moot.

{¶53} For the foregoing reasons, the judgments of the Ashtabula County Court of Common Pleas, granting summary judgment in favor of appellees and awarding them attorney's fees and rent, are affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. Costs to be taxed against the parties equally.

CYNTHIA WESTCOTT RICE, P.J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.

16