DIANE V. GRENDELL, J.
{¶ 1} Plaintiff-appellant, Kevin Knoefel, appeals the Judgment of the Lake County Court of Common Pleas, granting the defendants' Motion for Summary Judgment based on collateral estoppel with respect to Counts Nine through Fifteen of his malpractice Complaint. The issue before this court is whether collateral estoppel bars a plaintiff from raising malpractice claims arising out of representation in a criminal case where there has been a direct appeal from the convictions raising the issue of ineffective assistance of counsel. For the following reasons, we affirm in part, reverse in part, and remand this matter for further proceedings consistent with the opinion.
*19 {¶ 2} On August 14, 2015, Knoefel filed a Complaint alleging twenty-one counts of legal malpractice in the Lake County Court of Common Pleas against defendants-appellants, Michael J. Connick, Gary A. Vick, Jr., Dennis N. LoConti, and Connick & Associates Co., L.P.A.
{¶ 3} In relevant part, the Complaint made the following allegations:
122. Defendants represented Kevin Knoefel in a number of legal proceedings in Lake County, Ohio, including criminal case no. 13CR000558 in the Lake County Court of Common Pleas, establishing an attorney-client relationship.
123. As such, Defendants owed Kevin Knoefel a duty to competently represent him in the criminal matter.
124. Defendants breached this duty by failing to use an investigator to assist * * * defendant Kevin Knoefel in the criminal proceeding. [Count Nine]
* * *
129. Defendants breached this duty by failing to adequately investigate by failing to obtain the assistance of a cell phone expert. [Count Ten]
* * *
134. Defendants breached this duty by failing to call proper witnesses in Kevin Knoefel's defense, including an exculpatory witness. [Count Eleven]
* * *
139. Defendant Connick breached this duty by failing * * * to maintain a professional demeanor at trial in the criminal matter thereby angering the trial judge and diminishing the jury's confidence in his integrity. [Count Twelve]
* * *
144. Defendant Connick breached this duty by objecting to his own question at trial thereby putting the competence of the defense into question. [Count Thirteen]
* * *
149. Defendants breached this duty by pursuing the use of Dr. Neuhaus as an expert witness at the rate of $10,000 despite the fact that it was clear that Dr. Neuhaus would not be able to testify as an expert at trial. [Count Fourteen]
* * *
154. Defendants breached this duty by failing to offer any mitigation on Kevin Knoefel's behalf at sentencing, including, but not limited to, failing to use a mitigation expert, despite the fact that Kevin Knoefel was facing a sentence of life in prison. [Count Fifteen]
* * *
155. As a result of Defendants' negligent representation, Kevin Knoefel has suffered damages, including monetary loss, loss of freedom, and emotional distress.
{¶ 4} On November 30, 2015, the defendants filed an Answer and Counterclaim for breach of contract, unjust enrichment, and quantum meruit.
{¶ 5} On December 4, 2015, Knoefel filed an Answer to the Counterclaim.
{¶ 6} On April 4, 2016, the defendants filed a Motion for Summary Judgment. The defendants argued, inter alia, that Knoefel was collaterally estopped from asserting legal malpractice claims arising out of the underlying criminal proceedings since the issue of ineffective assistance of counsel was raised and rejected in an appeal from those proceedings.
{¶ 7} On May 2, 2016, Knoefel filed a Brief in Opposition.
{¶ 8} On May 18, 2016, the defendants filed a Reply Brief. On May 23, 2016, the defendants filed a Motion to Supplement Reply Brief Instanter which the trial court granted on July 27, 2016.
*20 {¶ 9} On November 30, 2016, the trial court granted the defendants' Motion for Summary Judgment with respect to Counts Nine through Fifteen of the Complaint. The court ruled:
[T]he Court finds that the above-mentioned issues presented in the malpractice action are the exact same issues which have been "actually and necessarily litigated and determined" via the appeal(s) of the criminal case. That is, Plaintiff already had an opportunity to litigate the issue of Defendants' preparedness for trial and behavior at trial, including the decision to call witnesses and expert witnesses. Therefore, Plaintiff is collaterally estopped from bringing those same issues in this legal malpractice action. In making this determination, the Court notes that the judgment against Mr. Knoefel cannot be ignored when considering his claims that he is innocent and would not be incarcerated but for the actions/inactions of his counsel. A jury of his peers convicted him after a lengthy trial, the Eleventh District Court of Appeals affirmed the conviction and the Supreme Court of Ohio refused jurisdiction. The matters brought by Mr. Knoefel now in this legal malpractice action relative to his counsels' [sic] preparedness at trial, decision to call witnesses and/or put on evidence have been fully litigated. Furthermore, all of the claims brought by Mr. Knoefel in this legal malpractice action relative to Defendants' representation of him in the criminal trial were or could have been litigated in the appeal. Plaintiff does not get an additional chance to re-litigate his criminal conviction.
{¶ 10} On December 12, 2016, Knoefel filed a Notice of Appeal.
{¶ 11} On December 15, 2016, the trial court stayed the proceedings with respect to the remaining claims raised in the Complaint and Counterclaim.
{¶ 12} On appeal, Knoefel raises the following assignment of error:
{¶ 13} "[1.] Whether the trial court erred in granting appellees' motion for summary judgment based on the doctrine of collateral estoppel."
{¶ 14} Collateral estoppel or issue preclusion "precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action that was based on a different cause of action." Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd. , 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998). "Moreover, an existing final judgment or decree between the parties is conclusive as to all claims that were or might have been litigated in a first lawsuit." Brooks v. Kelly , 144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385, ¶ 7. "The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Natl. Amusements, Inc. v. Springdale , 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990) ; Grava v. Parkman Twp. , 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995).
{¶ 15} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review.
*21 Grafton v. Ohio Edison Co. , 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "Under this standard, the reviewing court conducts an independent review of the evidence before the trial court and renders a decision de novo, i.e., as a matter of law and without deference to the conclusions of the lower court." (Citation omitted.) Bank of America, N.A. v. Babik , 2016-Ohio-1156, 61 N.E.3d 697, ¶ 19 (11th Dist.).
{¶ 16} Likewise, the "[a]pplication of the doctrine of res judicata/collateral estoppel to a particular issue is a question of law" and "reviewed under a de novo standard of review." State v. Hill , 177 Ohio App.3d 171, 2008-Ohio-3509, 894 N.E.2d 108, ¶ 37 (11th Dist.).
{¶ 17} The issue before us is whether this court's judgment in State v. Knoefel , 11th Dist. Lake No. 2014-L-088, 2015-Ohio-5207, 2015 WL 8615176, collaterally estops Knoefel from raising claims regarding his attorneys' performance in the present malpractice action.[1]
{¶ 18} This issue was addressed by the Ohio Supreme Court in Krahn v. Kinney , 43 Ohio St.3d 103, 538 N.E.2d 1058 (1989), which held that collateral estoppel does apply to malpractice claims where the issue of ineffective assistance of counsel has been litigated in a criminal appeal:
Whether a conviction resulted from a defense attorney's incompetence is an issue which can be raised and determined in a prior criminal action where a claim of "ineffective assistance of counsel" has been made. Thus, collateral estoppel can preclude further litigation on the issue.
Id. at 107, 538 N.E.2d 1058.
{¶ 19} However, the Supreme Court also recognized that a claim of ineffective assistance of counsel was not identical to a claim of legal malpractice and that collateral estoppel did not apply in all circumstances:
An action to vacate a criminal judgment based on ineffective assistance of counsel is not the same as a cause of action for legal malpractice. A claim of ineffective assistance of counsel is based on constitutional guarantees and seeks reversal of a criminal conviction. Legal malpractice is a common-law action, grounded in tort, which seeks monetary damages. The proof of either of these two causes of action does not necessarily establish the other.
Id.
{¶ 20} The Supreme Court further recognized that "an absolute due process prerequisite to the application of collateral estoppel is that the party asserting the preclusion must prove that the identical issue was actually litigated, directly determined, and essential to the judgment in the prior action." Goodson v. McDonough Power Equip., Inc. , 2 Ohio St.3d 193, 201, 443 N.E.2d 978 (1983). Thus, the bar against raising issues that could have been litigated in a prior legal proceeding is limited with respect to collateral estoppel to instances where the identical claim was at issue:
The main legal thread which runs throughout the determination of the applicability of res judicata, inclusive of the adjunct principle of collateral estoppel, is the necessity of a fair opportunity to fully litigate and to be "heard" in the due process sense. * * * Collaterally estopping *22 a party from relitigating an issue previously decided against it violates due process where it could not be foreseen that the issue would subsequently be utilized collaterally, and where the party had little knowledge or incentive to litigate fully and vigorously in the first action due to the procedural and/or factual circumstances presented therein.
Id. at 200-201, 443 N.E.2d 978. Also State ex rel. Davis v. Pub. Emps. Retirement Bd. , 174 Ohio App.3d 135, 2007-Ohio-6594, 881 N.E.2d 294, ¶ 31 (10th Dist.) ("[i]ssue preclusion does not apply to other matters that might have been litigated but were not"), citing Taylor v. Monroe , 158 Ohio St. 266, 109 N.E.2d 271 (1952), paragraph three of the syllabus ("[i]n an action upon a different cause of action from that involved in a prior action between the same parties, the judgment in such prior action will operate as an adjudication between the parties only as to the points or questions actually litigated and determined or which must necessarily have been determined in order to support that judgment, and not as to other matters which might have been litigated and determined").
{¶ 21} Applying these principles to the present case, collateral estoppel may be used to bar those claims that were actually and necessarily litigated as part of Knoefel's direct appeal from his criminal conviction, but not those claims that could have been, but were not, raised. Thus, we must reject the defendants' contention that, "[e]ven if some of the ineffective assistance claims were arguably not raised on direct appeal, they were based upon facts which were known to the defendant at the time of trial and prior to filing the appeal, and were thus barred by res judicata ." Appellees' brief at 15.
{¶ 22} For support of this proposition, the defendants rely primarily on cases involving petitions for postconviction relief alleging ineffective assistance of counsel, such as State v. Holnapy , 11th Dist. Lake No. 2013-L-002, 2013-Ohio-4307, 2013 WL 5446849, ¶ 26-27 (cases cited). The law regarding the application of res judicata to postconviction proceedings is not applicable to legal malpractice claims. As noted by the Ohio Supreme Court, "[a]n action to vacate a criminal judgment based on ineffective assistance of counsel is not the same as a cause of action for legal malpractice." Krahn , 43 Ohio St.3d at 107, 538 N.E.2d 1058.
{¶ 23} In Knoefel's direct appeal of his criminal convictions, the following issues were actually and necessarily litigated as part of his ineffective assistance of counsel claim:
Kevin contends that trial counsel was ineffective "as he was not familiar with the discovery provided by the State, he was so disorganized that he objected to a question that he asked, and failed to call Ms. Zunich's treating psychologist near the time of the murder."
The instances of purportedly ineffective assistance cited by Kevin do not demonstrate that trial counsel's performance was deficient or prejudicial to Kevin's interests.
With respect to discovery, trial counsel had, just before trial, received an audio recording from the emergency room where Zunich was taken in which one of the physicians suggested that she was on ecstasy. Counsel wanted the State to identify the medical providers in the recording and, apparently, this information already existed in medical records previously turned over in discovery. As trial counsel had admittedly only recently received the recording, we find no deficiency in his failure to search prior discovery for additional records that would have explained the recording. Kevin cites another instance where trial *23 counsel attempted to subpoena medical records containing information that had already been provided.
With respect to trial counsel objecting to his own question, it should be noted that the witness (Zunich) was responding with hearsay, "when I first got there he told me that the only reason-." In any event, the decision to retract a question in the course of a nine-day trial is not remarkable.
Finally, trial counsel's decision not to call Zunich's treating psychologist at the time of the murder, in the absence of any indication as to how her testimony would have benefited Kevin, cannot be deemed ineffective. The trial court had made it clear during the course of the trial that questions regarding Zunich's psychological health would be limited and evidence of her current diagnoses, bipolar, ADHD, and PTSD, were already in evidence. There was also evidence from other witnesses that Zunich's psychological conditions were under control. Trial counsel could have reasonably concluded that further testimony that Zunich's conduct was not the result of psychological illness would not have bolstered the defense case that she killed Lisa on her own initiative.
Knoefel , 2015-Ohio-5207, 2015 WL 8615176, at ¶ 151-155.
{¶ 24} The only issue litigated in the criminal appeal that is identifiable in Knoefel's malpractice Complaint is trial counsel's objection to his own question (Count Thirteen). The other issues raised in the criminal appeal-a lack of familiarity with discovery and the decision not to call Zunich's treating psychologist as a witness-are not raised in the Complaint. Conversely, the Complaint raises the following instances of professional negligence which were not raised in the criminal appeal: the failure to use an independent investigator (Count Nine), the failure to retain a cell phone expert (Count Ten), the failure to call certain exculpatory witnesses (Count Eleven), the failure to maintain a professional demeanor (Count Twelve), the retention of an expert witness whose testimony would not be admissible at trial (Count Fourteen), and the failure to present mitigation testimony at sentencing (Count Fifteen).
{¶ 25} Accordingly, collateral estoppel was properly applied to Count Thirteen of the Complaint, but not to Counts Nine, Ten, Eleven, Twelve, Fourteen, and Fifteen.
{¶ 26} We emphasize that this ruling is limited to the narrow issue of whether collateral estoppel bars Knoefel from further litigating the issues raised in those Counts of the Complaint. Knoefel must still prove the elements of "a cause of action for legal malpractice arising from criminal representation * * *[:] (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach." Krahn , 43 Ohio St.3d 103 at syllabus, 538 N.E.2d 1058. While the Supreme court acknowledged that "in most cases the failure to secure a reversal of the underlying criminal conviction may bear upon and even destroy the plaintiff's ability to establish the element of proximate cause," it rejected the notion that a jury's determination of the defendant's guilt was dispositive of his counsel's alleged malpractice. Id. at 106, 538 N.E.2d 1058.
{¶ 27} The sole assignment of error has merit to the extent indicated above.
{¶ 28} For the foregoing reasons, the Judgment of the Lake County Court of Common Pleas, granting the defendants' Motion for Summary Judgment based on collateral estoppel, is affirmed in part and reversed in part and this cause is remanded *24 for further proceedings consistent with this opinion. Costs to be taxed against the parties equally.
TIMOTHY P. CANNON, J., concurs with a Concurring Opinion,
THOMAS R. WRIGHT, J., concurs in judgment and opinion and concurs with non-writing judges Concurring Opinion.

The trial court's Order of February 5, 2016, limited the scope of summary judgment to the "issue of res judicata." Accordingly, whether there is evidence to support Knoefel's claims, such as evidence of breach of duty and damages proximately caused by the breach, is not before this court.