[Cite as *Ashtabula Cty. Airport Auth. v. Rich*, 2019-Ohio-5308.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| ASHTABULA COUNTY AIRPORT AUTHORITY, et al., | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2019-A-0019** |
| | : | |
| - vs - | : | |
| JOSEPH A. RICH, | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2015 CV 0097.

Judgment: Affirmed.

*David E. Pontius* and *Jason L. Fairchild*, Andrews & Pontius LLC, 4810 State Road, P.O. Box 10, Ashtabula, OH 44005 (For Plaintiff-Appellee).

*David A. McGee*, Svete & McGee Co., LPA, 401 South Street, Building 1A, Chardon, OH 44024 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}    Defendant-appellant, Joseph A. Rich, appeals from the judgments of the Ashtabula County Court of Common Pleas, granting plaintiff-appellee, the Ashtabula County Airport Authority, $33,135 in attorney's fees, denying Rich's request for summary judgment, and clarifying the scope of the attorney's fees hearing.  For the following reasons, we affirm the judgments of the court below.

{¶2}    On February 17, 2015, Ashtabula Airport Authority and its president, Dwight

Bowden, filed a Complaint against Rich in the Ashtabula County Court of Common Pleas, alleging that he had breached the terms of his lease agreement with Ashtabula Airport Authority. After being notified via letter that his tenancy had been terminated effective September 30, 2013, Rich failed to vacate until December 2014. The Complaint raised claims for Breach of Contract for Unpaid Rent and Indemnification for Attorney's Fees. In Rich's Answer, he argued, inter alia, that the claims were "barred by * * * the rules governing compulsory counterclaim."

{¶3}    Ashtabula Airport Authority and Bowden filed a Joint Motion for Partial Summary Judgment on September 2, 2015, in which they argued Rich failed to vacate and pay rent payments from October 1, 2013 to December 15, 2014, and the lease's indemnification clause required Rich to pay for attorney's fees incurred from defending prior suits in relation to the lease and Rich's lack of compliance. Rich filed a Motion for Summary Judgment and Brief in Opposition on January 14, 2016.

{¶4}    The facts giving rise to this lawsuit were demonstrated through testimony and exhibits presented on summary judgment. Pursuant to Rich's testimony, he signed an agreement to lease the hangar for 2013. He subsequently suspended his electricity and began using a generator in the hangar, in violation of Airport Rules and Regulations. An August 13, 2013 letter from the Ashtabula Airport Authority's counsel to Rich indicated that his tenancy would be terminated on September 30, 2013, for violating the lease and Airport Rules. Rich agreed that his plane remained in the hangar from October 2013 through December 15, 2014, when he vacated, but he paid no rent for those months.

{¶5}    On October 7, 2013, in Ashtabula County Court of Common Pleas Case No. 2013 CV 756, Rich filed a Complaint against Ashtabula Airport Authority, Bowden,

2

and the Ashtabula County Airport Authority Board of Trustees, raising claims for Breach of Contract, Discriminatory Conduct, Breach of Good Faith, Declaratory Judgment, Breach of Fiduciary Duty, Fraud, and a violation of 42 U.S.C. §§ 1983 and 88, claims relating to the attempted termination of the lease. On December 12, 2014, the court dismissed Rich's claims, holding that Ashtabula Airport Authority had a right to terminate the lease.

{¶6} Ashtabula Airport Authority filed a Complaint on October 25, 2013, in the Ashtabula County Court, Eastern Division, asking for restitution of the premises and rent. The court dismissed the matter on November 25, 2013, as being raised in the incorrect court, which decision was affirmed on appeal. *Ashtabula Cty. Airport Auth. v. Rich*, 11th Dist. Ashtabula No. 2013-A-0069, 2014-Ohio-4288.

{¶7} In the present matter, based on the foregoing facts, the trial court issued a March 30, 2016 Judgment Entry, granting the Ashtabula Airport Authority and Bowden's Motion for Partial Summary Judgment and denying Rich's Motion for Summary Judgment. In addition to finding the rent claim was properly raised, the court concluded the lease's indemnification clause was enforceable. Following a hearing on the issue of damages at which expert testimony was presented regarding the reasonableness of attorney's fees, the court awarded Ashtabula Airport Authority $57,575 for attorney's fees and $3,132.38 for unpaid rent, and Bowden $101,930 for attorney's fees.

{¶8} On appeal, Rich argued that the claim for rent and request for attorney's fees were compulsory counterclaims that should have been raised in the prior litigation, in Case No. 2013 CV 756. This court held that the rent claim was not compulsory since it had not accrued at the time Rich commenced litigation in 2013. *Ashtabula Cty. Airport*

3

*Auth. v. Rich*, 2017-Ohio-9263, 103 N.E.3d 51, ¶ 31 (11th Dist.). As to attorney's fees, we held:

> Since the issue of attorney's fees in the underlying proceeding was a compulsory counterclaim [in Case No. 2013 CV 756], we reverse the court's judgment awarding attorney's fees in favor of the appellees. However, as to the award of rent in the present proceedings, since it was properly raised in this matter, attorney's fees that were expended in litigating that claim *only* may be awarded. On that basis, we remand to the trial court for the sole issue of determining and awarding the amount of attorney's fees expended *only* in relation to the collection of rent owed by Rich to the Ashtabula Airport Authority that was sought in the present lawsuit.

*Id.* at ¶ 41.

{¶9} On remand, Rich filed a June 22, 2018 Motion for Summary Judgment, arguing that no attorney's fees should be ordered since the airport had refused to accept his rent payments. Ashtabula Airport Authority filed its Brief in Opposition and Motion for Summary Judgment on June 29, 2018, requesting attorney's fees in the amount of $33,030.

{¶10} On October 12, 2018, the court issued a Judgment Entry denying the motions. It found Rich's argument had already been rejected and lacked merit. As to Ashtabula Airport Authority, it found that the itemized billings provided "do not clearly demonstrate that the work cited was performed in order to collect rent" and that "[f]urther context is necessary for the Court to make this determination."

{¶11} Ashtabula Airport Authority filed a motion for clarification on what matters would be presented at the scheduled damages hearing. In an October 19, 2018 Judgment Entry, the court clarified that no testimony would be permitted as to the reasonableness and necessity of attorney's fees and that the purpose of the hearing was to "determine and award the specific amount of attorney's fees that were expended in

4

relation to the collection of rent owed by Rich to the Ashtabula County Airport, as opposed to those that were expended in relation to this entire matter."

{¶12} On December 14, 2018, the trial court held the hearing on attorney's fees, again clarifying that it was for the limited purpose of considering fees in relation to the collection of rent. The court stated it would not be taking expert testimony as to the reasonableness of the fees, which testimony had been given at the prior damages hearing.

{¶13} Attorneys for Ashtabula Airport Authority, Jason Fairchild and David Pontius, testified regarding the work they and their firm did on the matter relating to the collection of attorney's fees. Rich's counsel objected to Ashtabula Airport Authority attorneys acting as witnesses and providing expert testimony, which objections were overruled.

{¶14} Fairchild testified as to each item billed for the collection of back rent, which charges began on December 15, 2014, and proceeded to the conclusion of the matter. Charges included drafting legal documents filed in the present case, conferences with Pontius and Bowden's counsel, and preparation for the deposition of Bowden. Fairchild testified that he collaborated with Bowden's counsel on the matter. He believed that all entries on the billing statement were for work that related to the collection of attorney's fees and related indemnification.

{¶15} Pontius presented similar testimony as to billing entries for his work. He noted that several entries included on the bill, however, should be excluded from the fee award as they related to the appeal in prior proceedings or were unrelated to rent or attorney's fees (including reviewing an insurance plan obtained because of litigation with

5

Rich and an e-mail sent to Bowden's counsel unrelated to rent collection). Pontius emphasized that e-mails to Bowden were necessary as he was the "principal individual that I was required to report to at each and every stage of the litigation."

{¶16} On January 9, 2019, the trial court issued a Judgment Entry in which it detailed the testimony presented regarding fees and found that the attorneys for Ashtabula Airport Authority spent 220.9 hours "in the pursuit of back rent against the defendant" at a rate of $150 per hour. It further found that the award of fees was reasonable given that Rich raised irrelevant defenses and created "unreasonable obstacles" during the litigation. The court awarded attorney's fees in the amount of $33,135.

{¶17} Rich timely appeals and raises the following assignments of error:

{¶18} "[1.] The Trial court erred in admitting, and basing its judgment of January 9, 201[9] * * *, upon, evidence beyond the mandate of this Court upon remand of December 26, 2017, to wit '…the sole issue of … the amount of attorney fees expended *only* in relation to the collection of rent… in the present lawsuit' * * *.

{¶19} "[2] The Trial court erred in denying * * * Appellant, Rich's, Motion for Summary Judgment * * * herein as a determination of '… the sole issue of … the amount of attorney fees expended *only* in relation to the collection of rent' * * * required that any such claimed fees be reasonable, necessary and proportional, Prof.Cond.R. 1.5(a).

{¶20} "[3.] The trial court erred in admitting, and basing its judgments of October 19, 2018 * * * and January 9, 201[9] * * * upon, the sole, and expert, testimony of Appellee's trial counsel acting both as advocate and inherently biased witnesses, without any foundation of the relevance, reasonableness or necessity of the billings claimed,

6

without benefit of the provision of a written expert report as required by Local Rule, and in the face of bar[r]ing the testimony of Appellant's expert witness.

{¶21} "[4.] The trial court's judgments of October 12, 2018 * * *, October 19, 2018 * * * and January 9, 2019 * * * are against the manifest weight of the evidence and/or * * * the product of an abuse of discretion."

{¶22} In his first assignment of error, Rich argues that the trial court awarded attorney's fees unrelated to the collection of rent in the present action, thereby acting beyond the scope of this court's instructions on remand. In support, he alleges flaws in the court's analysis, including improperly determining some fees were related to rent collection, finding some issues were "intertwined," and referencing nonexistent counterclaims. We will consider this assignment jointly with the fourth assignment of error, in which Rich raises the same arguments in support of the proposition that the court abused its discretion and/or that its findings were against the manifest weight of the evidence, i.e., its judgments were not supported by "competent, credible evidence." (Citation omitted.) *Francosky v. Customized Vinyl Sales*, 11th Dist. Trumbull No. 2018-T-0066, 2019-Ohio-2172, ¶ 16.

{¶23} This matter was remanded for "the sole issue of determining and awarding the amount of attorney's fees expended *only* in relation to the collection of rent owed by Rich to the Ashtabula Airport Authority that was sought in the present lawsuit." *Ashtabula Cty. Airport Auth.*, 2017-Ohio-9263, at ¶ 41. The trial court held a hearing at which it requested testimony from the attorneys representing the Ashtabula Airport Authority as to the work performed relating to the rent. We do not find that the trial court went beyond the scope of that remand or that it abused its discretion.

{¶24} Initially, we note that Rich takes issue with decisions reached by the trial court in determining that certain issues were related to the collection of rent. As to many of these issues, Rich contends that the court's findings constituted a failure to comply with this court's instructions on remand. We agree with Rich's assertion that "an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984), syllabus. However, to the extent that he has a dispute with the trial court's interpretation of what should be considered "related to rent," it does not follow that the trial court's decision constituted a failure to comply with our instructions on remand. The lower court repeatedly reiterated that it was addressing only what attorney's fees related to rent collection, as required by this court.

{¶25} As to arguments raised by Rich which deal with factual findings by the lower court, we will evaluate such findings under the manifest weight standard and determine whether they are supported by competent, credible evidence. *Francosky,* 2019-Ohio-2172, at ¶ 16. The lower court's judgments as to the remaining issues, including the proper amount of fees to be awarded, are evaluated under an abuse of discretion standard. *Accettola v. Big Sky Energy*, 2018-Ohio-5076, 126 N.E.3d 213, ¶ 42 (11th Dist.) ("[a]bsent an abuse of discretion, an appellate court may not reverse a trial court's judgment on attorney's fees"). An abuse of discretion constitutes a "failure to exercise sound, reasonable, and legal decision-making." *State v. Long*, 11th Dist. Lake No. 2017-L-094, 2018-Ohio-3013, ¶ 52, citing *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶26} Rich first asserts that the award of fees for work performed relating to

8

research regarding "self-help remedies" was improper as it did not constitute rent collection. The testimony and billing records show that this particular research was related to several issues, including the proper procedure for collecting rent under the circumstances of this case. The research relating to this issue could reasonably be construed as tied to the litigation regarding the collection of rent.

{¶27} Rich also raises several issues with the collection of attorney's fees for matters that involved Bowden or Bowden's counsel. Bowden is no longer a party to this matter since the attorney's fees awarded to his separate counsel were reversed as not being properly raised as a compulsory counterclaim. We agree that no fees relating to representing Bowden or advancing his claims would be proper in this matter but do not find that any such award was made.

{¶28} While attorney's fees were awarded for time that the Airport Authority's counsel spent consulting with Bowden's counsel, testimony was presented that this was necessary as part of the underlying litigation. There were common issues to address in the proceeding unrelated to the collection of attorney's fees for prior representation of Bowden, including the validity of the indemnification clause and preparation of Bowden for a deposition taken in this matter in which he discussed both indemnification and rent issues. Fairchild indicated that conferences with Bowden's counsel included discussion of these issues. He emphasized that all fees that were particular to Bowden's indemnification claims had only been billed by Bowden's counsel. Fairchild also testified that some of the work with Bowden's attorney was made as part of a "collaborative effort to try and combine the deposition questions and work together to minimize the work."

{¶29} Rich places a great deal of emphasis on fees awarded in relation to the

9

preparation for and time expended during the deposition of Bowden. Since Bowden was the president of the Airport Authority, it was not unreasonable for counsel to prepare for a deposition at which issues of rent would be raised. Rich contends that only about 13 percent of the deposition testimony referenced rent collection and that the time expended beyond preparation solely related to questions about rent was unreasonable. This presumes that the fees for deposition preparation can be easily separated by each topic discussed during the deposition, which is not the case. Moreover, while Bowden may only have referenced the word "rent" on limited occasions during the deposition, many questions throughout the deposition were related to this issue. These related to the circumstances under which Rich was asked to vacate, the terms of the lease and the unconscionability defense raised by Rich, which related to indemnification for both the rent and other claims.

{¶30} Throughout his first and fourth assignments of error, Rich emphasizes that the court abused its discretion because it awarded fees for issues that were "intertwined," specifically taking exception to the court's statement to that effect. This, however, is not error but a recognition that not every billing entry could be broken down into rent and non-rent related matters, as many of the issues, especially in relation to indemnification for rent-related fees versus non-rent fees raised the same legal arguments. The applicability of the indemnification clause had to be raised regardless of whether indemnification was sought solely for rent collection or also for past legal actions. It has been held that "it is not always possible to divide attorney fees for distinct claims" where the claims involve a common core of facts or are based on related legal theories. *Edlong Corp. v. Nadathur*, 1st Dist. Hamilton No. C-120369, 2013-Ohio-1283, ¶ 16, citing *Hensley v. Eckerhart,* 461

10

U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "[W]here multiple claims are rooted in the same allegations, facts, discovery, and legal arguments, a trial court does not abuse its discretion in awarding attorney fees for the time spent on the claims." *Id.*; *Simbo Properties, Inc. v. M8 Realty, L.L.C.*, 8th Dist. Cuyahoga No. 107161, 2019-Ohio-4361, ¶ 52. Thus, while it was necessary to remand for the lower court to determine which fees were appropriate, it is not an abuse of discretion to decide some fees arose from interrelated issues. We cannot require the court to unravel all fees charged relating to similar circumstances and facts.

{¶31} Furthermore, in making a determination on attorney's fees, testimony was presented that led to the removal of many attorney's fees charges, both prior to the initiation of this lawsuit and during the litigation, based on testimony that they were unrelated to rent collection. The lower court ultimately eliminated approximately $20,000 in fees unrelated to rent. This evidenced an attempt to follow this court's mandate to the best of its ability given the facts and circumstances of this case.

{¶32} Rich also emphasizes that the lower court referenced nonexistent counterclaims which "tainted and distorted this matter," and demonstrated that it considered issues beyond rent in awarding fees. This assertion does not warrant a finding of an abuse of discretion. The court did note, in discussing that the issues in this case were "intertwined," that "this wasn't a mere collection case with no counterclaim involved." It then stated that this was "complex litigation with multiple issues." It appears from these comments that the court was merely recognizing the complex history of this case and how this made awarding fees difficult. Immediately after the "counterclaim" comment, the court again recognized that the case "was remanded to me on one issue and only one

11

issue." This serves to further emphasize that the court recognized the need to make a determination as to which fees were warranted specifically in relation to the rent claim. There is no indication that the court awarded fees in relation to any improperly recognized counterclaim.

{¶33} Rich also contends that counsel should not be fully compensated for hours they alleged were spent preparing the complaint in this matter, since they had already filed a complaint for rent collection in the 2013 case in the Ashtabula County Court, Eastern Division, ultimately dismissed for failure to raise the matter in the proper court. However, even presuming compensation for preparation of the 2013 complaint would be improper, it is reasonable for extra time to be spent refining and reviewing work previously completed, especially in light of the continuing litigation and disputes with Rich. While Rich takes issue with the significant amount of time expended before he had even filed an answer in this matter, it is reasonable that attorneys would be well-prepared upon commencing a lawsuit.

{¶34} Finally, Rich points to examples that he contends demonstrate the court's abandonment of logic and decision-making based on "passion or bias." These examples include the court's statements emphasizing the amount of time spent addressing arguments raised by Rich and the number of objections raised and questions asked throughout the proceedings. These do not demonstrate bias but, rather, reflect the court's determination that the amount of fees was increased by actions taken by Rich and his counsel during the litigation.

{¶35} Based on the foregoing, we do not find that the court failed to follow our mandate on remand, abused its discretion in determining the amount of fees to be

12

awarded, or that its decision was otherwise contrary to law. The attorneys presented testimony as to each item they requested and asserted that all items were necessary for the collection of rent. The lower court clearly considered this issue, the intertwined nature of some of the work performed, and the entirety of the circumstances in reaching its decision.

{¶36} The first and fourth assignments of error are without merit.

{¶37} In his second assignment of error, Rich argues the lower court erred in failing to grant his Motion for Summary Judgment in which he alleged that attorney's fees for collecting rent were unreasonable since he had been willing to continue to make rent payments but they were not accepted by Ashtabula Airport Authority.

{¶38} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." Rulings on motions for summary judgment are reviewed under a de novo standard. *Knoefel v. Connick*, 2017-Ohio-5642, 94 N.E.3d 17, ¶ 15 (11th Dist.).

{¶39} As an initial matter, we note that a slightly different version of this argument was raised in Rich's first motion for summary judgment, filed on January 14, 2016. There, he argued that the claim for rent was barred as a previously unraised compulsory counterclaim, contending it was inequitable to seek rent Rich had already been willing to and/or attempted to pay. The court denied this motion and granted summary judgment

13

in favor of Ashtabula Airport Authority.

{¶40} Thereafter, in his initial appeal, Rich did not assign as error the argument raised here: that attorney's fees for collecting rent are unreasonable when the tenant's payment is not accepted. His brief mentioned his willingness to pay in passing, only in relation to his argument that all claims against him should have been raised in prior litigation. He did not assert this issue in relation to the reasonableness of the fee award. When we remanded for the sole purpose of the lower court determining which attorney's fees related to the present litigation of the rent collection versus fees billed for prior litigation, this did not open the door for Rich to relitigate issues already decided or to assign errors that should have been raised previously. Res judicata prevents "relitigation of issues already decided by a court or matters that should have been brought as part of a previous action" including a direct appeal. *Lasko v. Gen. Motors Corp.*, 11th Dist. Trumbull No. 2002-T-0143, 2003-Ohio-4103, ¶ 16; *Dilley v. Dilley*, 11th Dist. Geauga No. 2016-G-0078, 2017-Ohio-4046, ¶ 12.

{¶41} Nonetheless, the record indicates there was a genuine issue of fact as to whether Ashtabula Airport Authority was authorized to charge Rich's credit card. His deposition testimony appeared to indicate that during at least some portion of the period of unpaid rent, he had offered conditional payment in exchange for resolution of the litigation, providing a solution of being permitted to remain a tenant, which the Airport Authority was unwilling to accept.

{¶42} Even presuming the validity of Rich's argument regarding the Airport Authority's refusal to accept payment, the lower court found that Rich had "purposely made the case needlessly more complicated in an attempt to drag the litigation out"

14

delaying both his eviction and an award of back rent. It also found that he raised irrelevant defenses and requested unnecessary documents which delayed proceedings, echoing the finding in its original judgment that Rich had made demands for documents that were "unreasonable and unnecessary." In other words, many of the fees in this particular litigation arose not because the Airport did not receive rent but because Rich's actions in the rent collection process resulted in extensive legal fees.

{¶43} The second assignment of error is without merit.

{¶44} In his third assignment of error, Rich argues that the lower court erred in admitting the testimony of Ashtabula Airport Authority's counsel without requiring an expert report and by barring expert testimony of his witness as to the attorney's fees.

{¶45} "Trial courts have broad discretion in determining the admissibility of expert testimony, subject to review for an abuse of discretion." *Terry v. Caputo*, 115 Ohio St.3d 351, 2007-Ohio-5023, 875 N.E.2d 72, ¶ 16.

{¶46} The trial court, on remand, stated in its judgment entry clarifying the scope of the hearing that it had already determined the issue of the reasonableness and necessity of attorney's fees and would not receive any further testimony from experts on this issue. In its final entry, it again found that no testimony by Rich's expert was needed since "the remand given to this court merely requires plaintiff's counsel to identify the time spent attempting to pursue the rent collection case." The court allowed the Airport Authority's attorneys to testify but did not find they were expert witnesses. The court did inquire of them regarding the reasonableness of the services performed in relation to collecting rent and discussed the reasonableness of the fees charged given Rich's conduct in its final judgment entry but it did not make a specific finding that it relied on this

15

testimony for purposes other than determining which work was performed for rent collection. There is no indication that the court relied on the Airport Authority's attorneys as expert witnesses.

{¶47} Nonetheless, even presuming counsel's testimony was considered expert testimony, the assertion that this violated the local rule requiring an expert witness provide a written report prior to testifying, which "protect[s] parties from trial by ambush," is unavailing.

{¶48} Ashtabula County Court of Common Pleas Local Rule 6(F)(2) provides:

> A party may not call an expert witness to testify unless a written report has been procured from the witness and provided to opposing counsel. * * * [U]nless good cause is shown, all supplemental reports must be supplied no later than thirty (30) days prior to trial. The report of an expert must reflect his opinions as to each issue on which the expert will testify. An expert will not be permitted to testify or provide opinions on issues not raised in his report.

{¶49} This court, in addressing a similar argument regarding expert testimony, has emphasized that "the trial court's authority to determine whether there has been compliance with its rules is great." *Iacampo v. Oliver-Iacampo*, 11th Dist. Geauga No. 2011-G-3026, 2012-Ohio-1790, ¶ 39, citing *Pang v. Minch*, 53 Ohio St.3d 186, 194, 559 N.E.2d 1313 (1990). It is "well-settled that the enforcement of local rules is a matter within the discretion of the court promulgating the rules, and a violation of a local rule is generally insufficient support for a reversal." *Id.*; *Yoel v. Yoel,* 11th Dist. Lake No. 2009-L-063, 2012-Ohio-643, ¶ 40.

{¶50} Moreover, the primary purpose of a rule requiring an expert report is to avoid surprise. "[W]hen a complaining party knows the identity of the other party's expert, the subject of his expertise and the general nature of his testimony, a party cannot complain

16

that they are ambushed.'" (Citations omitted.) *Iacampo* at ¶ 46, citing *Revilo Tyluka, LLC v. Simon Roofing & Sheet Metal Corp.,* 193 Ohio App.3d 535, 952 N.E.2d 1181, 2011-Ohio-1922, ¶ 48 (8th Dist.). The issue to be heard at the hearing on remand, as clearly stated by the trial court prior to the hearing, was identifying which work performed by the Airport Authority's attorneys related to the rent claim. Thus, it should have been apparent that counsel would be testifying and their testimony would involve the attorneys' beliefs as to which fees should be awarded. Rich cannot fairly claim surprise or ambush.

{¶51} Rich also takes issue with the fact that his expert witness, Mary Jane Trapp, was not permitted to testify again, as she had in the prior attorney's fees hearing, while Fairchild and Pontius were allowed to testify as experts.

{¶52} As determined above, the court did not appear to rely on "expert testimony" of the attorneys at the remand hearing. To the extent that it made a finding as to the reasonableness of the fees, it primarily reiterated its prior finding that they were reasonable given Rich's conduct. It had previously made a finding as to overall reasonableness based on the testimony of Attorney Trapp and Airport Authority expert Attorney Carl Muller at the initial fee hearing, finding Muller's testimony and opinion to be "far more persuasive and compelling." Its entry on remand did not contradict this finding. While some fees were eliminated based on their lack of relation to rent collection, we see no reason why it was inappropriate for the lower court to decline to take additional expert testimony on the reasonableness of the fees, as this had been fully addressed in the prior testimony as to the quantity and type of work performed as well as the rate billed. We find no abuse of discretion.

{¶53} Finally, while Rich's error contends that testimony of a party's counsel is

17

"inherently biased," he asserts no authority for this proposition. Attorney testimony was necessary in this matter to establish whether the work performed was related to collection of rent. Such testimony was entirely proper.

{¶54} The third assignment of error is without merit.

{¶55} For the foregoing reasons, the judgments of the Ashtabula County Court of Common Pleas are affirmed. Costs to be taxed against the appellant.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.